IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DELLWAYNE PRICE,              :
                             :
        Plaintiff,            :       Civil Action
                             :       No. 5:24-cv-366 (CAR) (AGH)
v.                            :
                             :
MCDANIEL, *et al.*,           :
                             :
        Defendants.           :
_____

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Order and Recommendation of the United States Magistrate Judge recommending the Court dismiss without prejudice *pro se* Plaintiff Dellwayne Price's Amended Complaint for failing to state a claim upon which relief may be granted and because Plaintiff failed to exhaust his administrative remedies, and recommending the Court deny Plaintiff's request for summary judgment. Plaintiff filed a timely Objection to the Recommendation [Doc. 29]. Having considered the Objection and conducted a *de novo* review of the matters raised in it, the Court **HEREBY ADOPTS in part** and **REJECTS in part** the Recommendation [Doc. 28]. The Court **REJECTS** the Magistrate Judge's finding that Plaintiff failed to state claims for excessive force and failure to intervene but **ADOPTS** the Magistrate Judge's recommendation to dismiss

1

those claims because Plaintiff failed to exhaust his administrative remedies. Thus, Plaintiff's Amended Complaint is **DISMISSED without prejudice** for failure to exhaust, and Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**.

## BACKGROUND

Plaintiff alleges on November 21, 2022, he wanted to complain about his shower schedule, so he attempted to get the attention of Defendants Deputy Warden McDaniel, Captain Hudson, Unit Manager Knight, Lieutenant Hatcher, and Cert Team officers M. Williams, J. Williams, and Miller while they were conducting inspections. Plaintiff then began yelling through his tray flap. Defendant M. Williams told Plaintiff to put his hand back in the tray flap. Plaintiff refused, stating that he "can't close the flap until McDaniel, Knight, or Hatcher come to talk to [him]."[1] Plaintiff alleges J. Williams and Miller threatened to plant a knife on him and "make him pay" for his grievances and lawsuits.[2] Plaintiff alleges Defendant M. Williams "took out his taser in being [sic] taser [Plaintiff] in his left hand that was already injured for several minute [sic]."[3] Defendant Hudson then allegedly stated, "that's what you get for not doing what we say," and requested medical.[4] Plaintiff refused the medical assessment because Defendant M. Williams was

---

[1] Recast Complaint Continued [Doc. 19-2 at 5].

[2] *Id.*

[3] *Id.* at 6.

[4] *Id.*

still present.[5]

Plaintiff filed a grievance about this incident, which was rejected because it exceeded the page limit and had writing on the backside of the page.[6] The Rejected Grievance Response informed Plaintiff of his right to appeal the rejection of his grievance,[7] which he did not do.[8]

## DISCUSSION

Plaintiff's allegations raise an excessive force claim against Defendant M. Williams and failure to intervene claims against Defendants J. Williams, Miller, and Hudson. Plaintiff objects to the Magistrate Judge's recommendation to dismiss these claims for failing to state a claim for relief and for failure to exhaust his administrative remedies. The Court finds Plaintiff's excessive force and failure to intervene claims state a claim for relief but nonetheless must be dismissed because Plaintiff failed to exhaust his administrative remedies.

### I.      Excessive Force and Failure to Intervene Claims

"The Eighth Amendment 'prohibits the unnecessary and wanton infliction of pain.'"[9] "In the prison context, an excessive force claim 'requires a two-prong showing:

---

[5] *Id.*

[6] Recast Complaint [Doc. 19-1 at 9]; Rejected Grievance Response [Doc. 1-2 at 1].

[7] Doc. 1-2 at 1.

[8] Doc. 19-1 at 11.

[9] *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021) (quoting *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010)).

an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind."[10] The "core judicial inquiry" in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[11] "[T]he absence of injury is only one factor to be considered in determining whether the force applied was plausibly thought necessary."[12] "The absence of injury is also some indication of the amount of force applied."[13] "Once the need for force ceases, any continued application of harmful force can constitute an Eighth Amendment violation."[14] Further, an officer present at the scene who had "both the opportunity to intervene" and who was "in a position to intervene and yet fail[ed] to do so"[15] may be liable for "failing to take 'reasonable steps to protect the victim of another officer's use of excessive force.'"[16]

Plaintiff alleges Defendant M. Williams tased him for several minutes because he failed to remove his hand from the tray flap, and the other Defendants failed to intervene to prevent the tasing. Plaintiff filed another case currently pending in the Middle District

---

[10] *Id.* (quoting *Thomas*, 614 F.3d at 1304).

[11] *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 501 U.S. 1, 7 (1992)).

[12] *Moore*, 847 F. App'x at 698 (citing *Wilkins*, 559 U.S. at 37).

[13] *Id.* (citing *Wilkins*, 559 U.S. at 37).

[14] *Id.* (citing *Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) (per curiam)).

[15] *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)).

[16] *Id.* (quoting *Hadley*, 526 F.3d at 1330)).

of Georgia, alleging similar claims against different defendants, *Price v. Fuller, et al.*, 5:24-cv-383-MTT-ALS. The Court agrees with Judge Treadwell that Plaintiff's "allegation that he was tased for 'several minute[s]' while confined in his cell, for an arguably non-violent act of refusing to close a tray flap, raises a plausible inference that the force used may have been excessive."[17] Further, because Plaintiff alleges the tasing lasted for several minutes, which the Court must accept as true at this stage of the proceedings, it is plausible that the other Defendants present during the tasing failed to take reasonable steps to protect Plaintiff despite having the opportunity to intervene and being in a position to do so.[18] Thus, Plaintiff has stated plausible claims for excessive force and failure to intervene against Defendants.

## II.    Exhaustion of Administrative Remedies

Although Plaintiff sufficiently states excessive force and failure to intervene claims, his Amended Complaint must be dismissed for failure to exhaust his administrative remedies. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."[19]

---

[17] *Price v. Fuller, et al.*, 5:24-cv-383-MTT-ALS, Order [Doc. 22 at 3].

[18] *See Johnson*, 725 F. App'x at 878.

[19] *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (citing *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999)).

Plaintiff objects to the Magistrate Judge's Recommendation that his claims be dismissed for failure to exhaust, citing the Georgia Department of Corrections Standard Operating Procedures ("SOP") 227.02 IV(C)(1)(g) for support.[20] It appears Plaintiff contends his grievance should have been forwarded to the Criminal Investigations Division because his grievance contained allegations of excessive force. Under SOP 227.02 IV(C)(1)(g), "Grievances with Physical Force allegations that are deemed to be Non-Compliance" will be forwarded to the Criminal Investigations Division ("CID") regardless of whether the grievance is accepted or rejected.[21]  If the grievance "alleges Physical Force and is deemed to be Non-Compliance and is *accepted*," the Criminal Investigations Division will investigate, and the grievance is "effectively close[d]."[22] "Offenders may not appeal *accepted* grievances forwarded to Criminal Investigations[.]"[23]

Here, as the Magistrate Judge explained, Plaintiff's grievance was rejected on procedural grounds— it was not accepted—and he did not appeal it.[24] Plaintiff contends that his grievance should have been forwarded to the CID. But regardless of whether or not Plaintiff's grievance was forwarded to the CID, because his grievance was rejected, it

---

[20] *See* Objection at 1–2.

[21] SOP 227.02 IV(C)(1)(g).

[22] SOP 227.02 IV(C)(1)(g)(ii) (emphasis added).

[23] SOP 227.02 IV(C)(2)(a)(ii) (emphasis added).

[24] As the Magistrate Judge remarked, Plaintiff could have appealed the denial of his grievance, and in his appeal could have raised his argument that his grievance should have been forwarded to the Criminal Investigations Division. *See* Report and Recommendation [Doc. 28 at 20].

was not "effectively close[d]," and was appealable.[25] Thus, because Plaintiff failed to comply with the grievance process, his claims must be dismissed for failure to exhaust his administrative remedies.[26]

The remainder of Plaintiff's objections are fully addressed in the Recommendation, and the Court finds they lack any merit.

## CONCLUSION

This Court has made a *de novo* determination of the portions of the Order and Recommendation to which Plaintiff objects. Having considered the Objection [Doc. 29] and conducted a *de novo* review of the matters raised in it, the Court **HEREBY ADOPTS in part** and **REJECTS in part** the Recommendation [Doc. 28]. The Court finds Plaintiff sufficiently states claims for excessive force and failure to intervene but agrees with the Magistrate Judge that the claims must be dismissed because Plaintiff failed to exhaust his administrative remedies. Thus, Plaintiff's Amended Complaint is **DISMISSED without prejudice** for failure to exhaust, and Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**.

---

[25] This case is distinguishable from *Price v. Fuller, et al.*, 5:24-cv-383-MTT-ALS, because in that case, it appears the grievance was accepted and denied. Thus, the grievance in *Price v. Fuller* appears to have been effectively closed because it was accepted and forwarded to the CID Here, in contrast, Plaintiff's grievance was rejected.

[26] *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("Compliance with grievance procedures [] is all that is required by the PLRA to 'properly exhaust.' . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

**SO ORDERED,** this 7th day of August, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT