# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DELLWAYNE PRICE,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:24-cv-366-CAR-AGH |
| **McDANIEL, *et al.*,** | : |
| **Defendants** | : |

## ORDER

On August 7, 2025. the Court, pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA"), dismissed this civil action without prejudice due to Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit. ECF No. 35. Plaintiff, proceeding *pro se*, has now filed a motion for reconsideration in which he requests that this Court reconsider its dismissal of this civil action. ECF No. 38.

Plaintiff's motion appears to be in the nature of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). There are only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic*

*Med., Inc. v. Dean Witte*r, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc*., No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff raises no argument and claims within his post-judgment motion on new law or newly discovered evidence. Instead, like he did in his objections (ECF No.

29) to the Magistrate Judge's Order and Recommendation (ECF No. 29), Plaintiff has copied excerpts verbatim from the standard operating procedures of the Georgia Department of Corrections.  *See* ECF No. 38 at 1-4.  Plaintiff then briefly argues that his grievance did not violate prison procedural rules, that his grievance should not have been rejected on procedural grounds, and that his grievance, although rejected for non-compliance of procedural rules, should have been forwarded to the Criminal Investigations Division.  *Id*. at 5.  Thus, it appears that Plaintiff's motion for reconsideration contends that the Court has made an error in dismissing his lawsuit.

The law is clear that "[n]o action shall be brought with respect to prison conditions under section 1983…, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e.  Furthermore, as noted both in the Magistrate Judge's Order and Recommendation (ECF No. 28 at 19-21) and this Court's Order dismissing Plaintiff's civil action (ECF No. 35 at 6-7), to properly exhaust his administrative remedies Plaintiff was required to comply with the grievance process established by the Department of Corrections and to follow their procedural rules as to the filing of grievances and/or appeals.  *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the grievance process itself." (internal quotation marks and citation omitted); *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance

3

with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Where a prison's grievance policy contains multiple steps, i.e., an initial grievance, followed by one or more appeals, a prisoner must "properly take each step within the administrative process." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "If their initial grievance is denied, prisoners must then file a timely appeal." *Id.* The PLRA "entirely eliminates judicial discretion and instead mandates strict exhaustion." *Johnson*, 418 F.3d at 1155.

Here, it is clear on the face of Plaintiff's complaint that he did not appeal his denied grievance.[1] *See* ECF No. 19-1 at 10-11. Accordingly, Plaintiff's complaint was properly dismissed due to his failure to fully exhaust his administrative remedies prior to filing his lawsuit. *See Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming the dismissal of the prisoner-plaintiff's complaint for failure to appeal a denied

---

[1] Indeed, Plaintiff is acutely aware of the requirement to appeal the denial of a grievance before filing a § 1983 complaint because he has had multiple lawsuits dismissed for his failure to do so. *See, e.g., Price v. Dugger*, ECF No. 19 in Case No. 5:22-cv-00299-MTT-TQL (M.D. Ga. May 30, 2023) (adopting recommendation to dismiss for failure to exhaust because Plaintiff failed to appeal denial of grievance); *Price v. Knight*, ECF No. 32 in Case No. 5:22-cv-00399-TES-CHW (M.D. Ga. Nov. 9, 2023) (recommending dismissal for failure to exhaust where Plaintiff "did not appeal the rejection of [applicable grievance] at all, much less before commencing suit") *adopted by Price v. Knight*, ECF No. 33 in Case No. 5:22-cv-00399-TES-CHW (M.D. Ga. Nov. 30, 2023); *Price v. Collier*, ECF No. 38 in Case No. 5:23-cv-00009-MTT-CHW (M.D. Ga. Dec. 15, 2023) (adopting recommendation to dismiss for failure to exhaust where Plaintiff did not show that he properly appealed his grievance).

grievance); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (affirming *sua sponte* dismissal for failure to exhaust where Georgia inmate failed to appeal grievable claims after presenting them to the appropriate party).

## CONCLUSION

For all the reasons set forth above, this Court finds that Plaintiff raises no argument or claims within his post-judgment motion for reconsideration based upon new law or newly discovered evidence. The Court further finds that Plaintiff has failed to demonstrate that the Court made any clear error of law or any manifest injustice which would warrant this Court to amend its dismissal without prejudice of Plaintiff's complaint. Therefore, Plaintiff has failed to satisfy the standards under Rule 59 of the Federal Rules of Civil Procedure or M.D. Ga. Local R. 7.6 for this Court to alter its previous judgment. Accordingly, Plaintiff's motion for reconsideration (ECF No. 38) is **DENIED**.

**SO ORDERED,** this 3rd day of September, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
